```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| JAMES LESTER, | ) |
|     Plaintiff, | ) |
| v. | ) No. 2:10-cv-02138-JPM-dkv |
| LOGAN'S ROADHOUSE, INC., | ) |
|     Defendant. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION:
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Report and Recommendation of Magistrate Judge DIANE K. VESCOVO (the "Report and Recommendation"), filed November 5, 2013 (ECF No. 69), recommending that the Court grant Defendant Logan's Roadhouse, Inc.'s ("Logan's") Motion for Summary Judgment, filed August 30, 2013 (ECF No. 60). For the following reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation, and GRANTS Defendant's Motion for Summary Judgment.

I.  **BACKGROUND**

On February 25, 2010, Plaintiff James Lester ("Lester"), a resident of Memphis, Tennessee, filed a pro se Complaint pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, against Logan's, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1, 2.)

The Court issued an Order on March 24, 2010, granting Plaintiff leave to proceed in forma pauperis. (ECF No. 3.) The Court issued another Order on April 5, 2010, directing Plaintiff to sign his Complaint (ECF No. 4), and Lester complied on April 19, 2010 (ECF No. 5).

On July 20, 2012, Logan's filed its Motion To Dismiss (ECF No. 12), and Lester filed his Response on July 25, 2012 (ECF No. 14). On October 25, 2012, the Court entered an Order denying Logan's Motion to Dismiss. (ECF No. 26.)

On November 8, 2012, Logan's filed its Answer. (ECF No. 29.) On August 30, 2013, Logan's filed its Motion for Summary Judgment. (ECF No. 60.) On September 10, 2013, Lester filed his Response. (ECF No. 61.) On September 23, 2013, Logan's filed its Reply. (ECF No. 62.)

On November 5, 2013, the Magistrate Judge recommended that the Motion for Summary Judgment be granted. (Report and Recommendation, ECF No. 69.) On November 18, 2013, Lester timely filed his Objections to the Report and Recommendation. (ECF No. 71.) On December 2, 2013, Logan's timely filed its Response to Lester's objections. (ECF No. 75.) On December 13, 2013, Lester filed a Reply, without leave of Court. (ECF No. 78.)

## II. LEGAL STANDARD

### A. De Novo Review of the Report and Recommendation

Pursuant to federal statute, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3). The judge may accept, reject, or modify the recommendations of the magistrate judge and may receive additional evidence on the matter. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Litigants are required to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C). Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Id.; accord Thrower v. Montgomery, 50 F. App'x 262, 263 (6th Cir. 2002) ("[N]ot only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review."). "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general

3

objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." McCready v. Kamminga, 113 F. App'x 47, 49 (6th Cir. 2004) (citing Howard v. Sec. of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

**III. ANALYSIS**

In the instant case, the Magistrate Judge recommended that Logan's Motion for Summary Judgment be granted. (ECF No. 69.) In the Report and Recommendation, the Magistrate Judge found that Lester failed to address Logan's assertions of undisputed facts and failed to comply with Local Rule 56.1(b). (Id. at 2-3.) As such, the Magistrate found that "Lester has not demonstrated that any of Logan's facts are genuinely disputed by citing to the record or affidavits or deposition testimony or admissible testimony." (Id. at 3.) Accordingly, the Magistrate Judge considered the proposed factual findings of Logan's to be undisputed. (Id. at 3-4.)

Under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Magistrate Judge also made the following proposed conclusions of law: (1) "Lester lacks evidence to support the fourth element of his prima facie case" and therefore "fails to make out a prima facie case of age discrimination" (ECF No. 69 at 17); (2) "Logan's has articulated

4

a legitimate, nondiscriminatory reason for Lester's termination" (id.) based on "Lester's own admission that he threatened Loyd" (id. at 17-18); and (3) "Lester fails to produce any evidence that Logan's proffered reasons have no basis in fact" (id. at 20).

Lester makes objections to the Report and Recommendation as to all proposed findings of facts and all conclusions of law. (ECF No. 71.)

Logan's argues that "Lester does not make specific objections to the proposed findings and recommendation of the Magistrate Judge" as required by Rule 72(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 75 at 1.)

### A. Factual Findings

Having reviewed the record, the Court agrees with the Magistrate Judge's Report and Recommendation that Lester failed to timely dispute and support his assertions that certain facts were genuinely disputed. In filing his Response (ECF No. 61) to Logan's Motion for Summary Judgment (ECF No. 60), Lester failed to comply with Local Rule 56.1(b), which requires that "[e]ach disputed fact must be supported by specific citation to the record" and that "the non-movant must make a response to each fact set forth by movant immediately below each fact set forth by the movant." (See ECF No. 61.) Lester also failed to

support his assertions by "citing to particular parts of materials in the record." See Fed. R. Civ. P. 56(c)(1)(A).

In his Objections to the Magistrate Judge's Report and Recommendation, Lester objected to all of the Magistrate Judge's proposed findings of fact, which were based on Logan's assertions of undisputed fact. (ECF No. 71 at 2-4, Objections Nos. 1-25.) As already discussed, the time to dispute Logan's assertions of undisputed fact has passed. Procedural deficiencies aside, Lester fails to support his objections to the proposed findings of fact by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." See Fed. R. Civ. P. 56(c)(1).

Accordingly, the Court finds that Logan's factual findings are undisputed, and the Court ADOPTS the Magistrate Judge's proposed findings of fact to the extent that they are properly supported by evidence in the record.

**B.  Conclusions of Law**

In his Objections, Lester objects to the Magistrate Judge's proposed conclusions of law, stating that he has sworn affidavits from himself, Mr. Theran Marion, Mr. James Sanders, Mrs. Hodges, and Ms. Kelly Schulze, which purport to set forth a basis that Mr. Frank Loyd harassed others and that a manager

6

made discriminatory remarks on the basis of age. (ECF No. 71 at 5; see also ECF No. 71-1 at PageID 456-60 (sworn affidavits).) Lester also asserts that he has a police report regarding Mr. Loyd, which he argues is relevant to this case. (ECF No. 71 at 5; see also ECF No. 71-2 at PageID 483-90.)

Having reviewed the record, the Court finds that although Lester generally disagrees with the proposed conclusions of law, Lester fails to make and support specific objections of "those portions of the report or specified proposed . . . recommendations" with which he disagrees. See 28 U.S.C. § 636(b)(1).

Because the "[f]ailure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report," see McCready, 113 F. App'x at 49, the Court considers this general objection the equivalent of failing to object entirely.

Accordingly, the Court ADOPTS the Magistrate Judge's proposed conclusions of law.

**IV. CONCLUSION**

Lester's objections to the Magistrate Judge's Report and Recommendation that Logan's Motion for Summary Judgment be granted are OVERRULED. Accordingly, the Court ADOPTS the Magistrate Judge's factual findings and conclusions of law, and GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED,** this 30th day of January, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE